# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 11-60158
Summary Calendar

Lyle W. Cayce
Clerk

LUMINANT GENERATION COMPANY, L.L.C.; BIG BROWN POWER COMPANY, L.L.C.; STATE OF TEXAS,

Petitioners

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent

Petition for Review of an Order of the
Environmental Protection Agency

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This case involves consolidated petitions for review of the EPA's disapproval of an environmental regulation promulgated by the State of Texas. For the reasons discussed below, we VACATE the EPA's disapproval of the regulation and REMAND to the EPA for further proceedings.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 11-60158

## I. BACKGROUND

In 2011, the Environmental Protection Agency ("EPA" or "the Agency") issued a final rule partially approving and partially disapproving revisions of the Texas State Implementation Plan ("SIP")—a set of rules promulgated by the State of Texas in fulfillment of its obligations under the Clean Air Act. *See* 42 U.S.C. § 7410; Approval and Promulgation of Air Quality Implementation Plans, 76 Fed. Reg. 1525 (Jan. 11, 2011) (to be codified at 40 C.F.R. pt. 52). At issue here is the Agency's disapproval of a provision within the SIP, 30 Tex. Admin. Code § 116.911(a)(2), which requires owners and operators of certain electric generating facilities to demonstrate that any newly proposed pollution control methods comply with Texas's Standard Permit for Pollution Control Projects ("PCP").[1] Petitioners argue that the EPA had no legal basis for disapproving section 116.911(a)(2), and that the EPA's actions therefore must be held "unlawful and set aside." 5 U.S.C. § 706(2).

## II. DISCUSSION

The EPA's sole recorded basis for disapproving section 116.911(a)(2) was that, in a prior ruling, the Agency had disapproved Texas's Standard Permit for PCPs. *See* 76 Fed. Reg. at 1527. In other words, the EPA disapproved section 116.911(a)(2) merely because that section mandated compliance with Texas's Standard Permit for PCPs, which the EPA had already disapproved. *See id.* ("[W]e are disapproving the submitted 116.911(a)(2) because it refers to and relies on the PCP [Standard Permit] that does not meet the applicable

---

[1] Only the EPA's disapproval of 30 Tex. Admin. Code § 116.911(a)(2) is currently before the court. In a prior, related case, this court addressed other EPA actions pertaining to Texas's SIP. *See Luminant Generation Co., L.L.C. v. EPA* (*Luminant I*), 675 F.3d 917 (5th Cir. 2012). Because *Luminant I* thoroughly outlined the statutory and factual background related to Texas's SIP and Standard Permit for PCPs, and because the parties are familiar with the issues in this case, those details are not repeated here.

2

No. 11-60158

requirements of the [Clean Air] Act, and was previously disapproved by the EPA as a part of the Texas SIP.").

In *Luminant Generation Co., L.L.C. v. EPA* (*Luminant I*), 675 F.3d 917, 921 (5th Cir. 2012), this court held that "the EPA had no legal basis on which to disapprove" Texas's Standard Permit for PCPs and, accordingly, vacated the EPA's ruling on that issue.  The EPA has now informed the court that, having had an opportunity to review *Luminant I* and the record in this case, the EPA cannot reconcile its disapproval of section 116.911(a)(2) with this court's holding in *Luminant I*.  The Agency concedes, then, that its disapproval of section 116.911(a)(2) was "not in accordance with law" and therefore must be vacated. 5 U.S.C. § 706(2)(A).  We agree.

### III. CONCLUSION

Accordingly, we VACATE the EPA's disapproval of section 116.911(a)(2) and REMAND for further proceedings consistent with this opinion and *Luminant I*.[2]

---

[2] Given the court's disposition of this matter, the petitioners' motion for summary vacatur and remand, and the EPA's cross-motion to remand without vacatur—which were carried with the case—are DENIED as moot.